UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:06CV-P73-R

**STEVIE MARTIN HAWKS**                                                      **PLAINTIFF**

**v.**

**PATRICIA PINET** *et al.*                                               **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff filed this civil rights action under 42 U.S.C. § 1983.  The complaint is

before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,*

114 F.3d 601 (6th Cir. 1997).  For the reasons set forth below, the Court must dismiss this action

for failure to state a claim.

## I.  SUMMARY OF CLAIMS

Plaintiff, Stevie Martin Hawks, an inmate formerly incarcerated at the Warren County

Regional Jail, brings this suit against (1) Nurse Patricia Pinet; (2) Southern Health Partners,

Inc.; (3) Jailer Jackie Strode; and (4) Judge Executive Michael Buchannan.  Plaintiff has sued

each defendant in both his/her individual and official capacities.  According to Plaintiff, his

Constitutional rights under the Eighth and Fourteenth Amendments[1] were violated when (1) in

August 2004, Nurse Pinet refused to provide him with medication for his chemical imbalance

that he had been taking for seven years prior to his incarceration; (2) in September 2004, Nurse

Pinet "failed to render proper and adequate breathing treatments when in fact the doctor had

---

[1]It is not entirely clear whether Plaintiff was being held as a pretrial detainee or serving a
sentence as a convicted prisoner at the time of the alleged violations.  The Eighth Amendment
applies only to convicts, not pretrial detainees.  For the purposes of initial review, however, this
is largely a distinction without a difference because the Due Process Clause of the Fourteenth
Amendment provides pretrial detainees with rights analogous to those under the Eighth
Amendment.  *See Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001).

ordered it to be given [stating] that '[Plaintiff's] family will have to furnish the breathing machine if [he] wanted the treatments'"; (3) in April and May of 2005, Nurse Pinet refused to check Plaintiff's blood levels as ordered by his doctors; and (4) in July 2005, Nurse Pinet and Jailer Strode refused to allow Plaintiff to see a doctor.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.,* 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364 (1982) (per curiam), a plaintiff is required to plead more than bare legal

2

conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

To establish a violation of the right to adequate medical assistance, a prisoner must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Plaintiff has not stated what medical injury he has suffered, if any, as a result of the alleged denial of medical care or even sufficiently explained why he contends that the medical care requested was necessary.[2] Plaintiff simply recounts Nurse Pinet's actions and states that the other defendants "failed to intervene and take the necessary steps to insure that [Plaintiff] received adequate medical aide and treatments." Absent allegations of any injury, Plaintiff fails to allege acts or omissions sufficiently harmful to support a claim of deliberate indifference to a serious medical need. *See Sutton v. Lewis*, No. 3:04-CV-635-S, 2005 U.S. Dist. LEXIS 41476 (W.D. Ky. June 6, 2005). Accordingly, the Court will dismiss this action for failure to state a claim upon which relief can be granted.[3]

---

[2]For example, Plaintiff states that he was not allowed to see a doctor in July 2005, but fails to allege what medical need of his required medical attention at that time.

[3]Additionally, even if Plaintiff had stated a claim, the Court notes that Plaintiff's claims related to the incidents occurring in 2004 are time-barred. Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-280 (1985). Thus, in Kentucky § 1983 actions are limited by the one-year statute of limitations found in KRS § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:      Plaintiff, *pro se*
         Defendants
         Kentucky Justice & Public Safety Cabinet, Office of Legal Services

4413.008

---

begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 183.  Though the statute of limitations is an affirmative defense, a court may raise the issue *sua  sponte* if the defense is obvious from the face of the complaint. *See Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988). The allegations related to the missed medication for Plaintiff's chemical imbalance and breathing treatments contained in the complaint concern events that plainly accrued in the fall of 2004.  Furthermore, the complaint clearly demonstrates that Plaintiff knew of the alleged violations at the time they occurred.  Plaintiff's complaint was not filed with this Court until May 2006, well beyond the limitations period for these claims.